IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHERYL ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:08-0273 |
| ) | Judge Trauger |
| DAVIDSON TRANSIT ORGANIZATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM and ORDER

The plaintiff has filed a Motion For Voluntary Dismissal Without Prejudice (Docket No. 80), to which the defendant Davidson Transit Organization ("DTO") has responded in opposition (Docket No. 81), the plaintiff has filed a Reply (Docket No. 84), and defendant DTO has filed a Sur-Reply (Docket No. 85).

The plaintiff files her motion pursuant to Rule 41(a)(2), FED. R. CIV. P., which provides, in part, as follows: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The granting of the plaintiff's motion is within the sound discretion of the district court and will be found to be an abuse of discretion "only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second law suit." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). (internal citations omitted) Factors to be considered by the court in determining prejudice are:

1.  "the defendant's effort and expense of preparation for trial,"

2.  "excessive delay and a lack of diligence on the part of the plaintiff in

1

     prosecuting the action,"

  3.  "insufficient explanation for the need to take a dismissal," and

  4.  "whether a motion for summary judgment has been filed by the defendant."

*Id*.

  This case was filed on March 17, 2008 against DTO, the Metropolitan Transit Authority, and the plaintiff's national and local union, alleging numerous causes of action. (Docket No. 1) All defendants filed motions to dismiss, which were ruled on by the court on October 23, 2008 (Docket No. 60). Defendant DTO's Motion to Dismiss was granted in part and denied in part, and the plaintiff's causes of action for race discrimination under Title VII and the Tennessee Human Rights Act were allowed to proceed. The initial case management conference was held on January 23, 2009, at which discovery and dispositive motion deadlines, among others, were set, and the case was set for trial on May 18, 2010.

  The discovery deadline was October 5, 2009, and defendant DTO alleges that, although DTO took discovery, both written and by deposition, the plaintiff engaged in no discovery. The dispositive motion deadline of December 14, 2009 has been extended by the court, and no dispositive motion has been filed by defendant DTO.

  The plaintiff's rationale for seeking a voluntary dismissal without prejudice is articulated as: "Plaintiff cannot continue to pursue this action given its increasing costs versus potential outcome." (Docket No. 84 at 2) The plaintiff states that she "is willing to stipulate that all work performed thus far can be used in any potential subsequent litigation regardless of the forum." (*Id*. at 3). A cost-benefit analysis, as has been conducted here by the plaintiff, furnishes a "reasonable explanation" for seeking a voluntary dismissal without prejudice. *Bridgeport Music,*

*Inc. v. Universal-MCA Music Publishing, Inc.*, 583 F.3d 948, 955 (6th Cir. 2009).

In weighing the other factors discussed herein, the defendant has engaged in some discovery, but the trial is still several months away and surely no specific trial preparation has been conducted. Plaintiff asserts that relevant witnesses were interviewed when her charges were before the EEOC and the National labor Relations Board, which justifies her failure to take any formal discovery in this lawsuit. The plaintiff is certainly not responsible for any excessive delay. The explanation for seeking a voluntary dismissal without prejudice has some merit: the plaintiff has weighed the costs and benefits of going forward through the dispositive motion phase and on to trial and has decided that the case ought not to be further pursued. The defendant has not filed a motion for summary judgment.

Weighing all factors relevant to this matter, the court finds the plaintiff's motion well taken and will grant it with conditions. It is hereby **ORDERED** that the plaintiff's Motion For Voluntary Dismissal Without Prejudice (Docket No. 80) is **GRANTED**, conditioned upon the following:

1. All discovery and other relevant information pertaining to this case may be used in any subsequent filing by this plaintiff against defendant DTO for claims similar to those raised in this case; and

2. Should this plaintiff file another action based, in whole or in part, on the claims raised in this lawsuit against defendant DTO, defendant DTO may bring that to the attention of this court, which will consider ordering the plaintiff to pay all or part of the costs of this action and may stay the new case until the plaintiff has so complied, all pursuant to Rule 41(d), FED. R. CIV. P.

It is so **ORDERED**.

ENTER this 15th day of December 2009.

_____
ALETA A. TRAUGER
U.S. District Judge

4